**IN THE UNITED BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | Case No. 10-10706 |
| | * | |
| AHNO, LLC | * | |
|   535 Tchoupitoulas Street | * | Chapter 11 |
|   New Orleans, LA | * | |
|   Tax ID No. XX-XXX2191 | * | Section "B" |
| **Debtor** | * | |
| | * | |
| | * | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
CONFIRMATION OF THE AMENDED PLAN OF REORGANIZATION FILED BY
AHNO, LLC D/B/A AMBASSADOR HOTEL AS OF NOVEMBER 28, 2011**

The *Amended Chapter 11 Plan of Reorganization Date as of April 12, 2011* (the "April 12 Plan") [P-290] filed by AHNO, LLC (the "Debtor") came for hearing on July 11, 12, 13 and 14, 2011 (the "Confirmation Hearing"). By separate Order [P-__], this Court found all modifications to the April 12 Plan to and through those contained in the filed *Amended Plan of Reorganization Filed by AHNO, LLC d/b/a Ambassador Hotel as of November 28, 2011* [P-469] (hereinafter the "Plan") to be immaterial. The Court has taken judicial notice of the docket of the Debtor's chapter 11 case, all pleadings and other documents filed, all orders entered, and evidence and arguments presented at hearings during the pendency of this case.

After due deliberation, the Court hereby makes the following Findings of Fact and Conclusions of Law:

     1.    This Court has jurisdiction to conduct the confirmation hearing and to confirm the Plan pursuant to 28 U.S.C. §§ 1334(a), and to enter these Findings of Fact and Conclusions of Law pursuant to 28 U.S.C. § 157(b).

2. On March 9, 2010, these proceedings were commenced by the filing of an involuntary petition under chapter 11 of the Bankruptcy Code, and an order for relief was subsequently entered on May 24, 2010.

3. The Debtor is a Louisiana limited liability company whose principal place of business is in New Orleans, Louisiana. Accordingly, venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On December 20, 2010, the Debtor filed its *Plan of Reorganization Filed by AHNO, LLC d/b/a Ambassador Hotel* [P-230] and the *Disclosure Statement Filed by AHNO, LLC d/b/a Ambassador Hotel* [P-231].

5. On March 28, 2011, the Debtor filed its *Amended Plan of Reorganization Filed by AHNO, LLC d/b/a Ambassador Hotel as of March 28, 2011* [P-283] and *Amended Disclosure Statement Filed by AHNO, LLC d/b/a Ambassador Hotel as of March 28, 2011* [P-284].

6. On April 12, 2011, the Debtor filed the April 12 Plan [P-290] and *Amended Disclosure Statement Filed by AHNO, LLC d/b/a Ambassador Hotel as of April 12, 2011* [P-291]. On April 20, the Debtor filed its *Amended Disclosure Statement Filed by AHNO, LLC d/b/a Ambassador Hotel as of April 20, 2011* ("April 20 Disclosure Statement") [P-294].

7. On April 26, 2011, this Court entered *Order Approving Amended Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of the Amended Plan of Reorganization with Notice of Hearing* ("Disclosure Statement Order") [P-300], approving the April 20 Disclosure Statement and setting the Confirmation Hearing on the April 12 Plan.

8. On April 28, 2011, the Debtor caused the April 20 Disclosure Statement with respect to the April 12 Plan to be mailed to all parties required by the Disclosure Statement

Order, advising them of, among other things, the time and place of the Confirmation Hearing and the procedures for objecting to, and voting for, the April 12 Plan.

9. A hearing on the confirmation of the April 12 Plan was held on July 11, 12, 13 and 14, 2011. Upon the conclusion of the Confirmation hearing, the Court took the matter under advisement.

10. On November 22, 2011, the Debtor filed *Fourth Motion for Approval of Immaterial Modifications to Debtor's Amended Chapter 11 Plan of Reorganization Dated as of April 12, 2011* (the "Fourth Immaterial Modifications Motion") [P-456]. By separate Order [P-__], this Court granted the Fourth Immaterial Modifications Motion, finding that all modifications to the April 12 Plan to and through those contained in the filed Plan to be immaterial.

11. On December 8, 2011, the Debtor filed the Plan [P-469].

12. The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Disclosure Statement Order and all other rules, law and regulations.

13. For the reasons set forth on the record at the hearings on July 11, 12, 13, 2011 and November 28, 2011, the Plan is confirmed and approved in its entirety by this Court.

14. The terms and conditions of Plan are incorporated herein by reference and all provisions thereof are in full force and effect.

15. All provisions in the Plan are consistent with the Bankruptcy Code and applicable non-bankruptcy law.

## THE PLAN OF REORGANIZATION IS CONFIRMABLE UNDER 11 USC §1129

16. In compliance with Section 1123(a)(1) of the Bankruptcy Code, the Plan designates classes of claims and interests (other than claims of a kind specified in Bankruptcy Code Sections 507(a)(1), 507(a)(2) or 507(a)(7)). Further, the Plan provides for fair and equitable treatment for each claim and interest in every class. (Plan, Article 6).

17. Section 1123(a)(2) of the Bankruptcy Code requires that a plan "specify any class of claims or interests that is not impaired under the Plan". No classes under the Plan are unimpaired; thus, the Plan does not list any classes as unimpaired and complies with Section 1123(a)(2). Similarly, the Plan complies with Section 1123(a)(3) of the Bankruptcy Code, which requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan," by specifying the treatment of Claims and Interests in Classes 1, 2, 3, 4, 5 and 6 which Classes are found to be impaired for purposes of the Bankruptcy Code. (Plan, Article 8).

18. The Plan provides for the same treatment of each Claim or Interest in a particular Class, unless a holder of a Claim or Interest therein has agreed to a less favorable treatment as required under Section 1123(a)(4).

19. The Plan also complies with Section 1123(a)(5) as it provides adequate means for the Plan's implementation, as set forth in the Plan.

20. Section 1123(a)(6) governing the inclusion in a debtor's charter of provisions prohibiting the issuance of non voting equity securities is not applicable.

21. The Plan complies with Section 1123(b)(2) as it provides for the assumption of certain executory contracts or unexpired leases, which have not been previously rejected, and shall be assumed in accordance with the terms specified in the Plan.

22. The testimony indicates that, consistent with the requirements of Sections 1129(a)(2) and 1129(a)(3), the Debtor has complied with all provisions of the Bankruptcy Code

and applicable non-bankruptcy law and that the Debtor proposed the Plan in good faith and not by any means forbidden by law. The Plan and all related documents and transactions were negotiated in good faith and at arms' length by the Debtor, the Official Committee of Unsecured Creditors and 535 Tchoupitoulas Street Holdings, LLC and are binding on all creditors and holders of Equity Interests. The terms of any documents that relate to the Plan or are contemplated by the Plan are hereby approved in all respects as fair and reasonable, reflecting the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and is supported by reasonably equivalent value and fair consideration.

23. All payments under the Plan which are required to be approved by the Court under Section 1129(a)(4) either have been approved by the Court or are subject to approval of the Court under the Plan.

24. The Plan complies with section 1129(a)(5) as the Debtor has identified the proposed managers of the Reorganized Debtor. The appointment of these managers is consistent with the interest of creditors and interest holders and with public policy.

25. No regulatory agency must approve rates charged by the Debtor; thus, Section 1129(a)(6) is not applicable.

26. The Plan complies with section 1129(a)(7) of the Bankruptcy Code. Section 1129(a)(7) requires that, with respect to each impaired class of Claims or Interests, each holder of such Claims or Interests (a) has accepted the plan or (b) will receive or retain property of a value, as of the effective date of the plan, that is not less than the amount such holder would receive if the debtor were liquidated on such date. Classes 1, 2, 3, 4, 5, and 6 are impaired under the Plan and have either accepted the Plan or received or retained property of a value, as of the

effective date of the plan, that is not less than the amount such holder would receive if the Debtor was liquidated on such date.

27. The Plan complies with Section 1129(a)(8) as Allowed Claims or Interests in all classes are presumed to have accepted the Plan or have in fact accepted the Plan.

28. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Administrative Claims and all Priority Claims are to be paid in full and in accordance with section 1129(a) pursuant to the terms of the Plan. (Plan, Article 6).

29. Section 1129(a)(10) requires that at least one impaired class accept the Plan. Classes 1, 2 and 4 have accepted the Plan. The Plan complies with Section 1129(a)(10).

30. The Plan provides for the disposition of all Claims against and Equity Interests in the Estate and the reorganization and recapitalization of the Debtor. There will be no need for further reorganization or liquidation and, thus, the Plan is feasible as required by Section 1129(a)(11).

31. All fees due and payable under 28 U.S.C. § 1930 will be paid by the Debtor in accordance with the Plan as required under Section 1129(a)(12).

32. Section 1129(a)(13) governing retiree benefits is not applicable as there are no retiree benefits the Debtor are obligated to pay.

33. The Debtor has met its burden of proving, by a preponderance of the evidence, that the Plan satisfies the elements of section 1129(a) of the Bankruptcy Code and complies with the other provisions of the Bankruptcy Code and any applicable non-bankruptcy law. The Court also finds that the Debtor has satisfied the elements of section 1129 of the

Bankruptcy Code and of every other applicable provision of the Bankruptcy Code and any applicable non-bankruptcy law under the clear and convincing standard of proof.

34. The Plan meets all of the requirements for confirmation under section 1129(b) with respect to any classes that did not accept the plan. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under the plan, whether such class has accepted the Plan or not.

35. The Debtor, as the proponents of the Plan, timely requested confirmation of the Plan under section 1129(b) to the extent that there were any impaired non-accepting classes of claims or interests.

New Orleans, Louisiana, December 12, 2011.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge